



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

AMY N. OKEREKE
*Assistant Corporation Counsel*
(212) 788-9790
(212) 788-9776 (fax)
aokereke@law.nyc.gov

January 30, 2008

**VIA FAX**
*Fax: (212) 212-805-6737*
Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street, Room 630
New York, New York 10007

SO ORDERED

*[signature: George B Daniels]*
U.S.D.J. GEORGE B. DANIELS

JAN 3 0 2008

Re: Jonathan Casanova v. Correction Officer Reid, et al.
    07 Civ. 3483 (GBD)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the above referenced action. By Order dated October 24, 2007, the Court stayed this matter until January 31, 2008, pending the resolution of plaintiff's underlying criminal charges which form the basis of his complaint. The Court's Order furthermore instructed defendants to inform the Court of the resolution or status of plaintiff's pending criminal charges upon the expiration of the stay. Pursuant to this instruction, I write to advise the Court that plaintiff's criminal action is still pending. According to the Bronx County Criminal Court, no disposition has been entered for the criminal charges relating to plaintiff's January 24, 2007 arrest, and plaintiff has a hearing scheduled for the criminal case on February 4, 2008. As plaintiff's criminal case is still ongoing, defendant respectfully requests that the Court continue the stay in this matter, in its entirety, pending the disposition of plaintiff's criminal case.

    As the Court may recall, plaintiff alleges that on November 9, 2006, while he was incarcerated at the Otis Bantum Correctional Center on Rikers Island, he was subjected to excessive force while being escorted out of his cell by New York City Department of Correction Officers. Plaintiff further alleges that as a result of this incident, he was falsely arrested on January 24, 2007 and that his arraignment was intentionally delayed. A conviction in plaintiff's criminal case would have a substantial impact on the progress of his Section 1983 action. Given that plaintiff purports to bring a claim for false arrest, the pendency of his criminal case favors a stay because a conviction may foreclose this claim. Mack v. Varelas, 835 F.2d 995, 999 (2d Cir. 1987) (stay warranted where one possible outcome of the criminal proceedings could negate an essential element of plaintiff's § 1983 claim); Johnson, 2003 U.S. Dist. Lexis 1211, at *4 (stay granted where civil and criminal actions arose out of the same events and "a conviction in the criminal action would bar [plaintiff's] false arrest and malicious prosecution claims.") The resolution of plaintiff's criminal case therefore carries with it the possibility of significantly simplifying the present action.

    Should the Court grant this request, we would further respectfully request that defendants be permitted two weeks from the time such stay is lifted to answer or otherwise respond to the complaint.

    I thank the Court for its time and consideration of this request.

Respectfully submitted,

Amy N. Okoreke<br>
Assistant Corporation Counsel<br>
Special Federal Litigation Division

cc: Jonathan Casanova, plaintiff *pro se* (via first class mail)<br>
   349-06-00591<br>
   Otis Bantum Correctional Facility<br>
   16-00 Hazen Street<br>
   East Elmhurst, New York 11370